SAMUEL I. RUBIN and Others, Doing Business under the Name and Style of SAMUEL I. RUBIN & Co., Respondents, v. L. & S. CANDY Co., INC., Defendant, and KENNETH WRIGHT and Another, Appellants.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

JACOB R. SCHIFF, Plaintiff, v. TURNPIKE ESTATES, INC., Appellant, and CONRAD GLASER and Others, Defendants. ALBERT BONYNGE, Referee, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

ESTELLE SCHMITT, an Infant, by GEORGE SCHMITT, Her Guardian ad Litem, Respondent, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— Motion for leave to appeal to the Appellate Division and for other relief denied, without costs. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

EUGENIA SILBERFELD, Appellant, v. SWISS BANK CORPORATION and Another, Respondents, and Others, Defendants.— Motion for leave to appeal to the Court of Appeals denied. Motion for stay denied, without costs. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

BANCROFT BUILDING CORP., as Assignee of AUGUST LUNA, Plaintiff, v. JOEL H. EISNER, Respondent, and M. EWING FOX CO., INC., Appellant.— Appeal from an order denying motion of appellant to vacate and set aside an order obtained by respondent joining appellant as a party defendant, and to dismiss the supplemental pleading of respondent against appellant on the ground that said pleading fails to state facts sufficient to constitute a cause of action. Order reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs, without prejudice to an application by respondent for a like order upon proper papers. The complaint contains an allegation of an express warranty of fitness of a material for a certain purpose and the breach thereof. The supplemental pleading, asserting a claim against appellant, alleges a breach of an express warranty of merchantability. The respective claims are not the same and, if plaintiff recovers against respondent, it will not follow that respondent would be entitled to recover against appellant. A circular attached to respondent's affidavit indicates that there may be a breach of warranty to the same effect as alleged in the complaint, upon the basis of which respondent may apply for another order bringing in appellant as a party defendant. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

CAROLINE E. CRANE and Others, Appellants, v. SCARSDALE NATIONAL BANK AND TRUST COMPANY, as Trustee, and Others, Respondents, and Others, Defendants.— In an action to set aside certain mortgage transactions as fraudulently induced, and on the ground that an underlying indebtedness has been discharged, and for certain incidental relief, respondents' motion for summary judgment under rule 113 of the Rules of Civil Practice was granted. Order and judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.